# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. COGBURN, JR.,  No. CIV S-09-0621-CMK

    Plaintiff,

  vs.  ORDER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

       Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

       Pursuant to the court's scheduling order, plaintiff is required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 45 days from the date of service of the administrative record by defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. A review of the docket reflects that the answer and certified administrative record were served on July 23, 2009. As of October 2, 2009, plaintiff had not filed a dispositive motion and the court directed plaintiff to show cause in writing why this action should not be dismissed. Plaintiff has not filed a response to the order to show cause.

Instead, on October 27, 2009, he filed a one-page document entitled: "Subject: Dispositive Motion for Summary Judgment." Plaintiff does not, however, provide any argument supporting reversal of the administrative decision challenged in this action.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In this case, the court finds that dismissal is appropriate given plaintiff's failure to file any kind of dispositive motion or otherwise present the court with any arguments relating to the administrative decision which is the subject of this action. This action is dismissed without prejudice and the Clerk of the Court is directed to enter judgment and close this file.

IT IS SO ORDERED.

DATED: February 10, 2010

*/s/ Craig M. Kellison*
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE